UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL A. ROBINS | CIVIL ACTION |
| VERSUS | NO. 14-2627 |
| CAROLYN COLVIN | SECTION A(4) |

### ORDER AND REASONS

Before the Court is a **Motion for Attorney Fees** (**Rec. Doc. 19**) pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2142. For the following reasons, the motion is **GRANTED**.

Plaintiff filed a complaint on November 18, 2014, seeking review of the Social Security Administration's denial of benefits. (Rec. Doc. 1). The Magistrate Judge recommended that the decision denying Plaintiff's benefits be affirmed. (Rec. Doc. 14). Plaintiff then filed objections. (Rec. Doc. 15). Persuaded by Plaintiff's objections, the Court reversed the decision of the Commissioner and remanded the case to the Commissioner. (Rec. Doc. 17).

A court must award "fees and other expenses" under section 2412(d)(1)(A) if (1) the claimant is a "prevailing party," (2) the position of the United States was not "substantially justified," and (3) there are no special circumstances that make an award unjust. See 28 U.S.C. § 2412(d)(1)(A); *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003). "As a threshold matter, a plaintiff is a 'prevailing party' if he 'succeed[s] on any significant issue in litigation which achieves some of the benefit he sought in bringing suit.'" *Id.* (quoting *Sims v. Apfel*, 238 F. 3d 597, 600 (5th Cir. 2001)). Here, the Court remanded the matter under the fourth sentence of 42 U.S.C. § 405(g), which provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of

Social Security, with or without remanding the cause for a rehearing." The United States Supreme Court and the Fifth Circuit have made clear that a remand under the fourth sentence of section 405(g) renders the plaintiff a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993); *Rice v. Astrue*, 609 F.3d 831, 833-34 (5th Cir. 2010). Further, the government has the burden of establishing that its position was "substantially justified." *Sims*, 238 F. 3d at 602. The government has not opposed Plaintiff's request for fees and expenses nor has it demonstrated that its position was substantially justified. Further, the Court is unaware of any special circumstances that would make an award unjust. Thus, the Court has reviewed the itemization of time submitted by Plaintiff and finds the proposed award of $6,965.00 to be reasonable.

      Accordingly;

      **IT IS ORDERED** that the **Motion for Attorney Fees (Rec. Doc. 19)** is **GRANTED**.

      **IT IS FURTHER ORDERED** that Plaintiff be awarded $6,965.00 in attorney fees.

      New Orleans, Louisiana, this 25th day of May, 2016.

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE